IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL MASTERS, individually
and on behalf of himself and
all others similarly situated,

No. 2:08-CV-01372-JAM-DAD

ORDER GRANTING MOTION TO REMAND

     Plaintiff,

  v.

VELLUTINI CORPORATION DBA ROYAL
ELECTRIC COMPANY and DOES 1-750

     Defendant.

_____/

    Michael Masters ("Plaintiff") brought this action against

Vellutini Corporation ("Defendant") for violations of the

California Business and Professions Code and the California

Labor Code.  On June 17, 2008, Defendant filed a Notice of

Removal in this Court.  Plaintiff now seeks to remand the action

back to state court and an award of attorneys' fees.  Defendant

opposes the Motion.  For the reasons stated below, Plaintiff's

Motion to Remand is GRANTED.[1]

FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Plaintiff was employed by Defendant from 1987 to 2007 as a

non-exempt employee.  Compl. ¶ 1.  Defendant is a C-10

electrical contractor, providing services on various commercial

construction projects, including public works projects, in

California.  Id. ¶ 6.  Plaintiff alleges that as part of his

employment, he pulled wire and conduit, ran wire, terminated

boxes, installed conduit, and dug and poured concrete for

electrical installations.  Id. ¶ 9.  Plaintiff's employment

relationship with Defendant was governed by a collective

bargaining agreement between the Northern California District

Council of Laborers of the Laborers' International Union of

North America, AFL-CIO and Defendant ("CBA").  Notice of Removal

¶ 3(a)

The Department of Industrial Relations, Department of Labor

Standards Research ("DLSR"), pursuant to California Labor Code

§§ 1770, 1773, and 1773.1, determines the rate of pay that shall

be paid to certain crafts of employees, including laborers and

electricians, for public works construction.  Compl. ¶ 7.  DLSR

sets forth job classifications through its "Scope of Work"

---

[1] This motion was determined to be suitable for decision
without oral argument.  E.D. Cal. L.R. 78-230(h).

descriptions.  Id.  Plaintiff alleges that while he was

employed, Defendant misclassified him as a laborer instead of an

electrician in order to pay him a lower wage.  Id. ¶ 10.

On May 15, 2008, Plaintiff filed his Complaint in

Sacramento Superior Court.  Notice of Removal Ex. A.  On June

17, 2008, Defendant filed its Notice of Removal under 28 U.S.C.

§§ 1331 and 1441(b) in this Court.  Docket at 1.  Defendant

argues that because the dispute arises out of Plaintiff's

employment with Defendant, and because the employment

relationship is governed by a collective bargaining agreement,

Plaintiff's state law claims are pre-empted by Section 301(a) of

the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

On July 16, 2008, Plaintiff filed this Motion to Remand this

Action back to state court.  Docket at 8.

OPINION

Section 301(a) of the LMRA states:

> Suits for violation of contracts between an employer and a
> labor organization representing employees in an industry
> affecting commerce as defined in this Act, or between any
> such labor organizations, may be brought in any district
> court of the United States having jurisdiction of the
> parties, without respect to the amount in controversy or
> without regard to the citizenship of the parties.

29 U.S.C. § 185(a).  Section 301(a) preempts state law claims

"founded directly on rights created by collective-bargaining

agreements, and also claims substantially dependent on analysis

of a collective-bargaining agreement."  Caterpillar, Inc. v.

Williams, 482 U.S. 386, 394 (1987).  However, "states may provide substantive rights to workers that apply without regard to a CBA; a state court suit seeking to vindicate these rights is preempted only if it 'requires the interpretation of a collective-bargaining agreement.'"  Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 690 (9th Cir. 2001) (citing Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399, 413 (1988)).  The Supreme Court has noted that "§ 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law."  Livadas v. Bradshaw, 512 U.S. 107, 123-124 (1994).  "It is the legal character of a claim, as independent of rights under the collective-bargaining agreement (and not whether a grievance arising from precisely the same set of facts could be pursued), that decides whether a state cause of action may go forward.  Id.  The purpose of Section 301(a) preemption is to "ensure uniform interpretation of collective-bargaining agreements, and thus to promote the peaceable, consistent resolution of labor-management disputes."  Lingle, 486 U.S. at 404.

        In this case, Plaintiff claims that Defendant misclassified him as a laborer for the purposes of the DLSR's prevailing wage rates.  Defendant argues that determining whether Plaintiff was a laborer or an electrician will require interpretation of the CBA.  Notice of Removal ¶ 3(b).  Specifically, Defendant notes

that the CBA specifically describes laborers' work covered by the agreement.  <u>See</u> Notice of Removal Ex. D Sec. 1(B).

However, the definition of laborer found in the CBA for the purposes of determining whether an activity is covered under that agreement has no bearing on whether an individual is a laborer under DLSR's Scope of Work.  Otherwise, parties could contract for job classifications to have specific meanings distinct from DLSR's Scope of Work to subvert the prevailing wage law.  Defendant argues that a court may need to consult the list of duties of a laborer contained in the CBA to cross-reference it against DLSR's Scope of Work.  However, the Supreme Court has noted that "when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished."  <u>Livadas</u>, 512 U.S. at 124; <u>see</u> <u>also</u> <u>Ward v.</u> <u>Circus Circus Casinos, Inc.</u>, 473 F.3d 994, 997 (9th Cir. 2007) Because the job duties listed in the CBA themselves are not in dispute, the fact that the state court might have to consult them does not rise to the level of interpretation that would trigger Section 301(a) preemption.

Whether the state court would even need to consult the CBA at all is questionable.  Defendant had a statutory duty to compensate Plaintiff at the prevailing wage for the type of work

that he was performing.  The key facts in dispute are the nature of the job duties Plaintiff performed and if those job duties correspond to the parameters of electrician as defined by the Scope of Work.  Plaintiff need only show the particular job duties he individually performed.  The entire list of all job duties covered by the CBA and performed by all laborers is not relevant to determining whether Plaintiff's individual employment fell under the DLSR's definition of electrician.  In fact, a non-unionized employee could maintain the same claim, although the employee was not subject to any collective bargaining agreement.  Although Defendant may introduce the CBA to show that it is unlikely that Plaintiff performed job duties outside those listed in the agreement, "[a] defense based on the CBA is alone insufficient to require preemption."  <u>Ward</u>, 473 F.3d at 998.

Defendant further argues that because DLSR relies on collective bargaining agreements in determining the Scope of Work, the state court claims should be preempted.  California Labor Code Section 1773 requires the Director of Industrial Relations (the "Director") to set the prevailing wage rate by consulting collective bargaining agreements in the locality and relevant labor market.  In setting the prevailing wage, the Director may choose to adopt the prevailing wage rate from a collective bargaining agreement by reference.  In this case, the

Scope of Work for both laborers and electricians was adopted by reference from collective bargaining agreements between parties who are separate from this case.  Defendant argues that because the Scope of Work is a collective bargaining agreement, any interpretation of it would prompt Section 301(a) preemption. Because a court would necessarily need to interpret the Scope of Work to determine whether Plaintiff's job duties fell under the classification of electrician, Defendants argue that Plaintiffs state law claims should be preempted.

However, the Scope of Work is not a collective bargaining agreement for the purposes of Section 301(a) preemption. Although the Director adopted a collective bargaining agreement by reference as the Scope of Work, he is not bound by the agreement.  In fact, the Director could unilaterally change the Scope of Work at any time without negotiating with the relevant union.  Furthermore, any interpretation by a court of the DLSR's Scope of Work would have no binding effect on the referenced collective bargaining agreement, as neither of the parties to that agreement are parties in this case.  Thus, the purpose of Section 301(a) preemption, to ensure the peaceable resolution of labor disputes, would not be served in refraining to interpret the DLSR's Scope of Work.  Because the Scope of Work is not a collective bargaining agreement, but an agency decision, interpretation of the Scope of Work does not prompt Section 301

preemption.   Accordingly, Plaintiff's state law claims are not preempted.

Plaintiff seeks an award of attorneys' fees.   28 U.S.C. § 1447(c) allows the Court discretion in awarding "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."   However, the Supreme Court has stated that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Defendant in this case had an objectively reasonable basis for seeking removal.   Accordingly, an award of attorneys' fees is not warranted in this case.

ORDER

For the reasons stated above, Plaintiff's Motion to Remand is GRANTED.   This action shall be remanded to the Superior Court of the State of California in and for the County of Sacramento. Plaintiff's request for attorneys' fees is DENIED.


IT IS SO ORDERED.

Date: September 18, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE